RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0116P (6th Cir.)
File Name: 03a0116p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

ELLER MEDIA COMPANY,
       *Plaintiff-Appellee,*

       *v.*                                     No. 01-3946

CITY OF CLEVELAND, OHIO,
       *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 99-00276—Donald C. Nugent, District Judge.

Argued: March 25, 2003

Decided and Filed: April 21, 2003

Before: DAUGHTREY and GIBBONS, Circuit Judges;
MILLS, District Judge.*

———————————

## COUNSEL

**ARGUED:** Ronald J. O'Leary, CITY OF CLEVELAND
LAW DEPARTMENT, OFFICE OF DIRECTOR OF LAW,
Cleveland, Ohio, for Appellant. David L. Marburger,

———————————

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

2      *Eller Media Co. v. City*                      No. 01-3946

BAKER & HOSTETLER, Cleveland, Ohio, for Appellee.
**ON BRIEF:** Ronald J. O'Leary, CITY OF CLEVELAND
LAW DEPARTMENT, OFFICE OF DIRECTOR OF LAW,
Cleveland, Ohio, Frederick R. Nance, Steven A. Friedman,
SQUIRE, SANDERS & DEMPSEY, Cleveland, Ohio, for
Appellant. David L. Marburger, BAKER & HOSTETLER,
Cleveland, Ohio, for Appellee. Mark D. Tucker, James F.
DeLeone, BENESCH, FRIEDLANDER, COPLAN &
ARONOFF, Columbus, Ohio, for Amicus Curiae.

———————————

## OPINION

———————————

PER CURIAM. In this appeal, the City of Cleveland asks
us to uphold the validity of a municipal ordinance banning
within city limits all billboard advertising of alcoholic
beverages, except in certain instances and in restricted areas
of Cleveland. Although the City claimed to be motivated by
the entirely laudable goal of curbing underage drinking in the
community, the plaintiff, Eller Media Company, successfully
sued to enjoin implementation of the ordinance on the
grounds that the legislative action was preempted by state
statute and also was an unconstitutional restriction on
freedom of speech. *See Eller Media Co. v. City of Cleveland*,
161 F. Supp.2d 796 (N.D. Ohio 2001).

Specifically, the district court concluded that Ohio
administrative regulations generally allow manufacturers and
distributors of alcoholic beverages to advertise on billboards
not located in the immediate vicinity of a church, school, or
public playground. Thus, ruled the court, the City of
Cleveland's attempt to limit such advertising further "serves
to prohibit the advertising of alcoholic beverages in areas
where it is otherwise legal under state law to do so. In this
way, the restrictive nature of the ordinance places it in
conflict with the more general state-wide statute." *Id.* at 806.

Additionally, analyzing the relevant United States Supreme Court decisions in *Central Hudson Gas & Electric Corp. v. Public Service Commission of New York*, 447 U.S. 557 (1980), and *Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525 (2001), the district court determined that the Cleveland ordinance also infringed upon Eller Media's free speech guarantees. As stated by the district court, the ordinance not only constitutes "nearly a complete ban on the communication of truthful information about legal alcoholic products to adult consumers," but "the range of communications restricted by the ordinance also seems unduly broad." *Eller Media*, 161 F. Supp.2d at 811 (citing *Lorillard Tobacco*).

Because the reasons why judgment should be entered for the plaintiff in this case have been ably articulated by the district court, the issuance of a full written opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out in its opinion and order published as *Eller Media Co. v. City of Cleveland*, 161 F. Supp.2d 796 (N.D. Ohio 2001).